OPINION
Appellant Sidney Harris appeals the trial courts decision labeling him a "sexual predator" following a determination hearing under R.C. 2950.09(B)(1). The trial court called back Harris after ten years of incarceration on the crime of sexual battery of a thirteen year old girl for the hearing. He assigns thirteen errors for our review.[1]
Having reviewed the record and the legal arguments of the parties, we affirm the judgment and remand this case for correction of the record. The apposite facts follow.
On January 22, 1987, Harris was indicted for kidnapping and raping a thirteen year-old girl. He pled guilty to a lesser included offense of sexual battery on April 14, 1987. The state nolled the kidnaping charge. The trial court sentenced him to two to ten years incarceration.
Ten years later on June 12, 1997, the court returned Harris for a "sexual predator" determination hearing. Prior to the hearing and again during the hearing, Harris moved to dismiss the hearing as unconstitutional, moved for a psychological expert evaluation and report, and moved to utilize the Ohio Rules of Evidence during the proceedings, which motions the court denied.
Also during the hearing, the prosecutor presented the facts justifying a sexual predator designation. The prosecutor stated that along with three other male juveniles, Harris, who was nineteen years-old at the time, forced a thirteen year-old female into the basement of a house. Harris and his co-defendants repeatedly beat and raped the girl. In addition to vaginal intercourse, they forced her to perform oral sex on them. Consequently, the victim suffered from vaginal trauma and contusions to her upper face and head.
Based on the evidence presented, the trial court declared Harris a sexual predator. In a journal entry filed June 24, 1997, the court stated "[t]he defendant is automatically classified as a sexual predator pursuant to R.C. 2950.09(A) ." This appeal followed.
Ten of Harris thirteen assignments of error challenge the constitutionality of R.C. 2950.09. Harris argue the statute violates the following constitutional guarantees: ex post facto/retroactive laws, equal protection, vagueness, bill of attainder, double jeopardy, right to privacy, cruel and unusual punishment, and due process.
Following this courts recent decision in State v. Ward
(January 28, 1999), Cuyahoga App. No. 72371, unreported, the Ohio Supreme Courts recent ruling in State v. Cook (1998), 83 Ohio St.3d 404, and case law from other appellate jurisdictions, we conclude that R.C. 2950.09 is constitutional. See State v. Lance
(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported, affirmed in part, dismissed in part (1998), 84 Ohio St.3d 17;State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-05-046, CA97-05-052, CA97-04-036, CA97-05-044, CA97-05-047, unreported, affirmed (1998), 84 Ohio St.3d 20;State v. Jameson (April 22, 1998), Lorain App. No. 97CA006704, unreported; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported; State v. Avery (Apr. 14, 1998), Union App. No. 14-97-30, unreported; State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported; and State v. Rodgers (Aug. 21, 1998), Hamilton App. No. C-970597, unreported. Thus, Harris assigned errors one, two, and four through eleven are overruled.
In his third assignment of error, Harris argues the trial court erred in designating him a sexual predator. He claims the evidence did not constitute proof that he would likely reoffend.
R.C. 2950.09(B)(3) requires that a sexual predator determination be based on clear and convincing evidence that a future offense is likely. The trial court may consider the following factors when making a sexual predator determination:
(a) The offenders age;
 (b) The offenders prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (C) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
R.C. 2950.09(B)(2). We are mindful that the trial court is not limited to these factors.
From the record, we conclude the trial court relied on these factors: Thirteen year old victim raped by Harris and four others; the degree of the violence, beating her repeatedly; and the physical and emotional trauma suffered by the victim. Based upon these factors, the trial court justifiably declared Harris a sexual predator. Accordingly, Harris third assigned error is overruled.
In his twelfth assignment of error, Harris argues the trial court erred when it denied his request for a psychological evaluation. We disagree.
R.C. 2950.09(B)(1) provides, "the offender * * * shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." "Expert testimony under this statute is among the types of evidence that may be offered by either party at the hearing, but the language does not require such evidence, and in any event, the presentation of such evidence would not require the court to adopt the experts recommendation." Statev. Watts (May 29, 1998), Montgomery App. No. 16738. Expert testimony could fall under factor(j) of the statute, a factor that the court may or may not consider. Thus, the issue is discretionary for the trial court. See State v. Walter Russell
(April 22, 1999), Cuyahoga App. No. 72796, unreported. See, also,State v. Travis Russell (April 8, 1999), Cuyahoga App. No. 73237, unreported. Under discretionary review, the movant must show more than a mere possibility of assistance from an expert. State v.Broom (1988), 40 Ohio St.3d 277, 283.
Here, Harris had the opportunity to argue to the court the necessity for an expert. This, he did not do. Consequently, nothing in the record exists to afford us an opportunity to assess whether Harris had more than a mere possibility of assistance from an expert. See Russell, Cuyahoga App. No. 72796. Accordingly, Harris twelfth assigned error is overruled.
In his thirteenth and final assignment of error, Harris argues the trial courts journal entry stating he was "automatically classified as a sexual predator was improper." We agree.
R.C. 2950 provides two methods to determine sexual predator classification. One method is to conduct a hearing. R.C.2950.09(B). The other method occurs automatically when "a person * * * pleads guilty to committing on or after the effective date ofthis section, a sexually oriented offense that is a sexuallyviolent offense and also pleads guilty to a sexually violentpredator specification that was included in the indictment." R.C.2950.09(A)
Here, the trial court conducted a hearing. Consequently, we conclude wording of the trial courts journal entry does not negate its appropriate finding. Thus, Harris assigned error is overruled and this matter is remanded to the trial court to correct the journal entry to reflect that after a hearing Harris was determined to be a sexual predator under R.C. 2950.09(B)(1).
Judgment affirmed and remanded.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
LEO M. SPELLACY, P J., and
MICHAEL J. CORRIGAN, J. CONCUR.
PATRICIA ANN BLACKMON, JUDGE
[1] See Appendix.
 APPENDIX
ASSIGNMENTS OF ERROR
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 IV. APPLICATION OF H.B. 180 IN CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R.1.1, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
 XII. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE HEARING COURT ABUSED ITS DISCRETION BY DENYING APPELLANTS MOTION FOR A PSYCHOLOGICAL EVALUATION BY AN EXPERT.
 XIII. THE TRIAL COURT ERRED IN "AUTOMATICALLY CLASSIF[YING]" APPELLANT AS A SEXUAL PREDATOR "PURSUANT TO R.C. 2950.09(A)," SINCE R.C. 2950.09(A) AND ITS AUTOMATIC CLASSIFICATION DO NOT APPLY TO APPELLANT.